# DARNELL *vs.* GRIFFIN.

[TROVER FOR CONVERSION OF COTTON.]

1. *Sale of an article, when complete.*—The sale of a specified article for money, when the money is paid is complete, and transfers the title to the purchaser without a delivery, either actual or constructive.

2. *Charge limiting the examination of the jury, when erroneous.*—A charge asked, that tends to limit the examination of the jury to a part only of the evidence, to the exclusion of other important evidence in the case, is erroneous, and should be refused.

3. *Sale; agency, what warrants the inference of.*—In an action for the conversion of two bales of cotton, bought by plaintiff of a third person, which a short time before the sale is shown to have belonged to the defendant, a statement by defendant to plaintiff that "the trade was a good one," and that "he laid no claim to the cotton," justifies the inference that defendant had either sold the cotton to plaintiff's vendor, or had authorized him to sell it.

APPEAL from Circuit Court of Sanford.

Tried before Hon. L. R. SMITH.

The facts appear in the opinion.

WALKER & MURPHEY, for appellant.—1. The contract of sale in this case was incomplete until the cotton was weighed and the credit given on Sutherland's note.— *Screws v. Roach,* 22 Ala. 675; *Magee v. Billingsley,* 3 Ala. 679.

2. The case of *McCrea v. Young,* 43 Ala. 622, is altogether different. In that case, there was a written conveyance, which of itself passed the title without a delivery. *Morgan vs. Smith, Wykoff & Nichol,* 29 Ala. 283. Besides, there was a contract on the part of the seller in that case to stand to the purchaser in the attitude of a bailee, and it is upon that that the court places its opinion.

—— ——, *contra.*

PECK, C. J.—The appellee was plaintiff in the court

below.   Her complaint contains two counts : one in trover,
for the conversion of two bales of cotton ; the other in
trespass, for two bales of cotton.   This, by the common
law rules of pleading, was clearly a misjoinder of causes
of action, but as no objection was made on this score in
the court below, it need not be further noticed.   There was
a trial by a jury, and a verdict and judgment for the plain-
tiff.

There is a bill of exceptions, which purports to set out
all the evidence, but it is so obscurely and inartificially
stated as not to be very easily understood.   The best I can
make of it is, that sometime in the year 1864, one David
Sutherland went to the plaintiff and represented to her
that he had two bales of cotton, weighing each five hun-
dred pounds, more or less, and offered to sell the same to
her, and stated that the cotton was at P. Bowman's gin,
where she could get it when she wanted to haul it away.
Upon this statement, the bill of exceptions says, " the
plaintiff took the trade, and paid Sutherland for it ; the
value of the cotton was thirty cents per pound."

The evidence further tended to prove that the defendant
had, a short time before, owned the cotton at the gin ; had
never delivered it to Sutherland, or any one else ; had
promised to let Sutherland have the cotton when weighed,
and a credit given defendant on a note which Sutherland held
on him ; that Sutherland never gave the credit, and never
weighed the cotton, but, after plaintiff had agreed with
Sutherland to take the cotton, defendant said to plaintiff,
" How do you like the cotton trade ?" and said " the trade
was a good one, and he laid no claim to the cotton ;" that
the cotton was removed by defendant, who made the con-
tract of sale with Sutherland, and was the same cotton
Sutherland sold to plaintiff.

On this evidence, the defendant asked the court to
charge the jury that " if they believed from the evidence
that the cotton had not been weighed, and never was
weighed, and the credit was not given to the defendant by
Sutherland, the plaintiff could not recover."   This charge

34

the court refused to give, and the defendant excepted. Thereupon the court charged the jury that "in order for the plaintiff to recover, they must believe, from the evidence, that the cotton was delivered to plaintiff by Sutherland, either actually or constructively." To this charge the defendant excepted.

1. The charge asked was properly refused. It tended to limit the examination of the jury to a portion only of the evidence, to the exclusion of other important evidence in the case; and made the finding of two facts indispensable to the plaintiff's recovery, to-wit, the weighing of the cotton by Sutherland, and the entering of the credit on defendant's note; whereas, the non-existence of one or both of these facts did not necessarily constitute a good defense. The important question was, had the defendant sold the cotton to Sutherland, or authorized him to sell it? As to this matter, the finding of either one of these facts entitled the plaintiff to a verdict.

The statement of the defendant to the plaintiff, that the trade was a good one, and that he had no claim to the cotton, reasonably justified the inference that defendant had either sold the cotton to Sutherland, or had authorized him to sell it. For these reasons, this charge was rightly refused, and this question left to the determination of the jury.

2. The charge given was more favorable to the defendant than he had any right to ask. The sale of the cotton by Sutherland to the plaintiff was complete without a delivery, either actual or constructive.

The payment of the purchase-money perfected the sale, without a delivery, and, as between Sutherland and the plaintiff, transferred the title to her.—Chitty on Cont., 7th Amer. from 3d Lond. ed., 374. This author says, " if one sell me his horse, or other thing, for money, and the money is paid, I may sue for and recover the thing bought." This could not be done if the title did not pass from the vendor to the vendee. Taking all the evidence together, we think the verdict of the jury reaches, substantially, the justice

and equity of the case, and we are not disposed to disturb it.

Let the judgment of the court below be affirmed, with five per cent. damages, at the cost of the appellant.